# FOURTH DISTRICT, 1895.

---

### G. W. HUTH v. DORETTE HUTH.

#### No. 576.

1. **Divorce—Insufficient Evidence.**—See the opinion for evidence held insufficient to sustain a decree of divorce on alleged grounds of cruelty and abandonment by the husband.

2. **Same—Hearsay.**—In an action for divorce by the wife, evidence of her declarations to her father, that her husband once pursued her with a pistol, threatening to kill her, is hearsay and inadmissible.

3. **Practice on Appeal—Reversal—Cause Not Remanded, When.**—Where, upon appeal in an action for divorce, the judgment for plaintiff must be reversed for insufficiency of the evidence, and there is nothing in the record indicating that there is any fact to be ascertained that could not have been proved on the trial below, the case will not be remanded, but a decree will be entered refusing the divorce.

APPEAL from Bexar.   Tried below before Hon. S. G. NEWTON.

*George C. Altgelt*, for appellant.—A divorce shall be granted only upon full and satisfactory evidence, independent of the confession or admissions of defendant, and upon legal testimony.   Rev. Stats., art. 2863; McGowen v. McGowen, 52 Texas, 657; Sheffield v. Sheffield, 3 Texas, 79; Cornish v. Cornish, 56 Texas, 564; Endick v. Endick, 61 Texas, 559; Moore v. Moore, 22 Texas, 237; Haygood v. Haygood, 25 Texas, 576; Hanna v. Hanna, 21 S. W. Rep., 720; Paulson v. Paulson, 21 S. W. Rep., 778.

*L. C. Grothaus*, for appellee.—A reasonable cause for the wife to abandon her husband would render her leaving him not a desertion on her part, but would, generally, constitute legal desertion on his part.  Graves' App., 37 Pa. St., 443; McGowen v. McGowen, 52 Texas, 657; 23 N. J. Eq., 209.

NEILL, ASSOCIATE JUSTICE.—Suit by appellee against appellant for divorce.   After alleging marriage and the jurisdictional facts, the grounds alleged for divorce are substantially, "defendant is of a violent and rude disposition and of intemperate habits; that in violation of his marriage vow he commenced a series of outrageous conduct, gross cruelties, and excesses towards plaintiff, so as to render their living together as husband and wife wholly unsupportable.   And particularly, that on the 19th day of March, 1889, as on sundry and divers days and occasions theretofore, he returned to their home, and without provocation abused her in the vilest terms, impugning her chastity, and using language unfit for repetition; that he then, as repeatedly before, threatened the life of plaintiff and their children; and that for fear of great bodily harm she was compelled to flee from her home and secure shelter with her parents, carrying her children with her, where they have resided ever since, abandoned by defendant, and left to their own resources or to the charity of their relatives. That for two years thereafter the defendant contributed a small amount to support their children, but for more than three years past the defendant has left and abandoned plaintiff and her children altogether, without support or without intention of returning."

The defendant answered by a general denial, and specially, that plaintiff voluntarily abandoned him and their homestead and took up her abode, with his children, at the home of plaintiff's parents, and then joined defendant in the sale of their homestead, knowing that he could not live with her at the house of her parents.   That he yielded to her all the proceeds of their homestead, and thereafter at plaintiff's request paid to her the sum of $30 per month, upon her promise to return to his bed and board at an early day.

The evidence shows that plaintiff and defendant were married in 1883, and as the issue of the marriage have three children.

The testimony upon the plaintiff's alleged grounds for a divorce is as follows: Her father, William Heurmann, testified: "For the past five years they [referring to plaintiff and her children] have lived at my residence, separate and apart from defendant. My daughter lived on Guenther street, about 500 yards from me. I was not at my home when my daughter arrived. I came in a few minutes afterward, and found her crying in my wife's company. She was very excited, and stated to me that she had to leave defendant and could not live with him any longer, as he had followed her with a pistol in his hand, threatening to shoot her. It was in the evening, about the middle of March, 1889. They separated at that time, and she has been at my house ever since. She didn't want to go back to him. The defendant came in afterwards and wanted to see her. I went to the house of defendant and plaintiff on several occasions, having been sent for by my daughter, and found that they had been quarreling and he had been mistreating her. She has been living at my house ever since, separate from defendant. She has not received any support whatever from defendant for the last three years prior to the filing of this suit. Having asked the defendant if he had threatened to kill my daughter and her children, and since he did not deny that he had, I told him not to show his face at my house again. He never returned. If he had, I would not have allowed him in. I remember their homestead place, and about the sale of it. It was sold after their separation by general agreement. My daughter came to my house after the separation in March. The sale of the homestead was made the following May. I received the proceeds of the sale, partly in cash and balance in vendor's lien notes. I regard that as her funds, and claim them as such. The notes were all paid. I received it [the proceeds of the sale of the homestead] for her benefit."

We can not bring ourselves to believe that this testimony is sufficient to sustain the decree of divorce which was granted to appellee. A divorce may be decreed "when either the husband or wife is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together unsupportable;" and "in favor of the wife, where the husband shall have left her for three years with intention of abandonment, or when he shall have abandoned her and lived in adultery with another woman." Rev. Stats., art. 2861. Our statutes require, in suits for divorce, that the decree of the court shall be rendered upon *full and satisfactory* evidence, independent of the confession or admission of either party." Rev. Stats., art. 2863. The statement of appellee to her father, that appellant had followed her with a pistol in his hand threatening to shoot her, is purely hearsay, and can not be considered as evidence. Declarations which are admissible as evidence are distinguishable from hearsay by their connection with the principal fact under investigation, and must be contemporaneous with the main fact, and so connected with it as to illustrate its character. Greenl. on Ev., sec. 108.

The *main facts* to be established in this case were those alleged, as grounds for divorce, in the appellee's petition, and there must have been some proof of their existence before it could be shown that declarations were contemporaneous with them or illustrative of their character. Stripped of the declarations of the appellee, no facts pertinent to the issue are shown, except that she had left the home of herself and husband and went to her father's house, and was found there by her father, excited and crying, a few minutes afterwards. The failure of appellant to say anything when asked by his wife's father if he had threatened to kill his daughter and her children, can hardly be considered as an admission that he had made such threat. But if it should be taken as such admission, it could not be considered as evidence upon which a divorce could be decreed.

Without commenting further upon the evidence, it is sufficient to say that it does not prove that appellant *left his wife* at all, but that she left him.

The evidence being insufficient to support the decree rendered by the trial court, it is reversed, and judgment is here rendered refusing the divorce, and against the appellee for costs.

*Reversed and rendered.*

Delivered March 6, 1895.

ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—It is urged in this motion that we erred in holding that "the statement of appellee to her father, that appellant followed her with a pistol in his hand threatening to shoot her, is purely hearsay and can not be considered as evidence." In this State such declarations as accompany the transaction, or such as are made under such circumstances as will raise a reasonable presumption that they are spontaneous utterances of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they result from premeditated design, are admissible as res gestæ. Railway v. Anderson, 82 Texas, 519. If in this case the main question for determination was why appellant left her husband's house, her declarations made soon after would have been admissible for the purpose of explaining her act in leaving. For instance, if in this case, as in McGowen v. McGowen, 52 Texas, 658, the husband had sued the wife for divorce upon the ground of abandonment, her declarations made just after she left his residence would have been admissible in explanation of her act in leaving. But she sued him, alleging abandonment, and that he threatened her life, and that from fear of great bodily harm she was compelled to flee her home and secure shelter with her parents; she offered no proof, either of abandonment or of the alleged threat, save her statement to her father, that "she had to leave her husband and could not live with him any longer, as he had followed her with a pistol in his hand,

threatening to shoot her." If this is sufficient to support a decree in her favor, the sacred bonds of matrimony may be dissolved upon the bare statement of a wife, without proof of a single fact entitling her to a divorce. A wife has simply to go to the house of her father or friend, cry, and say, "My husband has threatened my life, and I have been compelled to flee to save myself from his violence," and the relation of husband and wife may be forever severed by judicial decree, if she so desires. This court will not assent to any such doctrine. In the case of Hulker v. Hulker, 64 Texas, 1, cited by appellee, the evidence showed that an exemplary and amiable wife, who discharged faithfully all her duties to her husband, was complained of by him for not doing, while pregnant, a man's work in the field, and finally she, with her infant, was assaulted and thrown by him violently from her house, and sent, bruised and insulted, to take refuge with his parents, from his violence. Such were the facts in that case which warranted the divorce. They were proven. Not a single fact specifically alleged is shown in this case by competent evidence.

While in our original opinion we made no mention of the testimony of appellee's father, wherein he stated, that "he went to the house of plaintiff and defendant on several occasions, having been sent for by his daughter, and found that they had been quarreling and he had mistreated her," it did not escape us. But we did not consider it of sufficient importance to require comment. The simple fact that husband and wife are found quarreling, without proof of what was said by either party to the quarrel, certainly can not be considered as affording a ground for a divorce. Nor can the statement that the husband mistreated the wife, without the acts of mistreatment were shown, and were such as were specifically alleged as a cause of action.

We see no reason why we should remand this cause for another trial. It was incumbent upon the plaintiff to make out her case by competent testimony, which in our opinion she failed to do. In reversing the case the statute makes it our duty to render such judgment as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, etc. Acts 22nd Leg., p. 31, sec. 36. There is nothing in the record that indicates that there is any fact to be ascertained that could not have been proven on the trial in the court below, and in entering a decree refusing the divorce, it was not necessary for any other fact to be ascertained.

The motion is overruled.

*Overruled.*

Delivered March 27, 1895.