## FIRST NAT. BANK OF MERKEL v. HARKRIDER.

(Court of Civil Appeals of Texas. Ft. Worth. May 3, 1913.)

1. TRIAL (§ 120*)—ARGUMENT OF COUNSEL— IMPROPER ARGUMENT.

A comment by a party's counsel in his argument to the jury on evidence introduced on the trial does not justify an argument by the counsel of the adverse party relating to facts he was not permitted to prove by reason of objections made by the party's counsel and sustained by the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. § 120.*]

2. APPEAL AND ERROR (§ 1060*) — HARMLESS ERROR—IMPROPER ARGUMENT OF COUNSEL.

Where the evidence of plaintiff strongly tended to rebut the allegations of defendant's special answer supported entirely by the testimony of defendant, the improper argument of defendant's counsel referring to facts which he was not permitted to prove by the court sustaining objections to the evidence and the statement that the facts were objected to because they would have supported defendant's contention was reversible error.

Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

Error to District Court, Taylor County; Thomas L. Blanten, Judge.

Action by the First National Bank of Merkel, Texas, against Coke W. Harkrider. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded for another trial.

Hardwicke & Hardwicke, of Abilene, for plaintiff in error. Harry Tom King and J. F. Cunningham, both of Abilene, for defendant in error.

DUNKLIN, J. This suit was instituted by the First National Bank of Merkel against Coke W. Harkrider upon a promissory note executed by the defendant in favor of the plaintiff for the sum of $3,173.81 dated December 30, 1909. By a verified answer the defendant admitted the execution of the note, but alleged that he executed to plaintiff a note dated August 28, 1905, for $3,500, of which $2,500 was solely for accommodation and $1,000 for money borrowed; that with the exception of the amount of such accommodation the balance of the note had been paid; and that the note sued on was a renewal of what plaintiff claimed to be balance due upon the note dated August 28, 1905. From a judgment rendered in defendant's favor upon a trial before a jury, plaintiff has prosecuted this writ of error.

According to the books of plaintiff bank, the correctness of which was strongly vouched for by the bookkeepers of the bank, the note given by the defendant of date August 28, 1905, alleged in defendant's answer was fully paid, and the note upon which this suit was instituted was a renewal of a balance due on another note executed by the defendant for the principal sum of $3,500 in favor of the bank dated July 16, 1906, and given for money loaned on that date by the bank to the defendant in order to enable him to purchase stock in a private corporation known as the Western Amusement Company organized and promoted by the defendant and Geo. S. Berry, president of the plaintiff bank; but the testimony of the defendant sustains the allegations in the special plea noted above.

A. S. Hardwicke testified that he was induced by the defendant and Geo. S. Berry to purchase stock in the Western Amusement Company; that in the negotiations therefor defendant stated that witness ought to pay 20 per cent. premium on the par value of the stock, as the venture was such a fine proposition, but that Berry stated that as witness was a good friend to himself and defendant they would let witness have the stock at par, and thereupon witness agreed to take stock in the sum of $1,500, which amount he borrowed from the plaintiff bank. The evidence further showed that this venture was not a financial success. Counsel for defendant then asked A. S. Hardwicke if he had not paid the note he executed to the bank for the amount so borrowed by legal services rendered the bank. An objection urged by the plaintiff to this question was sustained by the court. The defendant, having admitted the plaintiff's cause of action except in so far as the same might be defeated by the facts set up in his special answer, was given the right to open and conclude the argument, and in his closing argument to the jury, upon the sharply contested issue whether the facts set forth in the defendant's special answer were true or whether or not the note in suit represented the balance due for the amount borrowed by the defendant with which to engage in the Western Amusement Company venture, counsel for defendant used the following argument: "That A. S. Hardwicke, the attorney for plaintiff, herein testified before you that he put in this bank his note for $1,550, and that this note was cashed by the bank and the proceeds of said note was placed to the credit of the Western Amusement Company, along with the proceeds of the $3,500 note that they claim this bank cashed for Coke W. Harkrider, which amounted to $3,200 and was placed to the credit of said amusement company on the books of said bank, and that Geo. S. Berry also paid into said amusement company the sum of $3,250, thereby making a total amount

that reached the credit of the amusement company in the sum of $8,000. You, gentlemen of the jury, are not infants or babies; you can see and know things without being told; you can draw conclusions and know facts without being told. Now, you will remember that when A. S. Hardwicke, a lawyer for the bank, had testified that he had given his note for $1,550 to this bank to go into the Western Amusement concern, I asked him if he had paid the note to the bank with money or by legal services; that when I asked him this question, S. P. Hardwicke objected, and the court sustained his objection and would not let him tell how he paid it. I now ask you, gentlemen of the jury, why was it they objected? Why was he not permitted to testify, and why was it they were not willing to turn on the light, and why was it they wanted to keep the facts from you? It was because the facts would have shown that it was paid by legal services, or that Geo. Berry had refunded the money to Senate Hardwicke on the note he had given the bank."

[1, 2] Objection was made at the time to this argument as being improper and prejudicial, in connection with the request that the remarks be excluded from the consideration of the jury. This objection and request were overruled by the court, and to this ruling error has been assigned. By way of explanation of the ruling the court appended an explanation to the bill of exception reserved by plaintiff, which is, in substance, that counsel for the plaintiff in his argument to the jury strongly insisted that the defense interposed was fictitious and that Geo. S. Berry, A. S. Hardwicke, and the defendant were close personal friends; that defendant, by posing as a friend of A. S. Hardwicke, insisted on charging the latter a profit of 20 per cent. on the stock he purchased in the Western Amusement Company, which stock was not worth more than par at the time, thus showing that defendant was willing to "swindle his personal and business friend, A. S. Hardwicke, in this Western Amusement Company proposition just like he now shows himself willing to rob the First National Bank out of their hard-earned money in this cause." The trial judge further states, in substance, that he considered the argument made by the defendant's counsel, to which objection was made, a legitimate reply to this argument by plaintiff's counsel and for that reason overruled the objection now under discussion. The argument by plaintiff's counsel was no more than a comment upon the evidence introduced upon the trial, while the argument to which the objection was made was upon alleged facts which counsel stated he could prove, but was not permitted to prove by reason of the objection made by plaintiff's counsel and which objection had been sustained by the court. This argument was clearly improper, and we do not think it was justified by the argument made by plaintiff's counsel based upon the evidence in the record as noted already. In view of the evidence introduced by the plaintiff strongly tending to rebut the allegations of defendant's special answer, while the special plea seems to be supported entirely by the testimony of the defendant, who testified principally from memory only, we are of the opinion that the argument to which objection was made probably had the effect to prejudice the jury against the plaintiff and in defendant's favor, and, accordingly, the assignment of error now under discussion is sustained. W. U. Tel. Co. v. Wingate, 6 Tex. Civ. App. 394, 25 S. W. 439; Met. Street R. Co. v. Roberts, 142 S. W. 44; Miller v. Burgess, 136 S. W. 1174, and cases there cited.

As the foregoing conclusions must result in a reversal of the judgment, it will be unnecessary to discuss other assignments of error challenging the sufficiency of the evidence to support the verdict.

For the error indicated, the judgment is reversed, and the cause remanded for another trial.