## McMAHAN v. CITY OF ABILENE.
### (No. 451.)

Court of Civil Appeals of Texas. Eastland.
June 22, 1928.

1. **Attorney and client** ⟜92—Litigant has right to object to improper evidence.

Litigant has right to object to introduction of improper evidence and attorney is under duty to client to see that only competent evidence is introduced against him.

2. **Appeal and error** ⟜1060(1)—**Trial** ⟜114 —Remarks of counsel for city that plaintiff was unwilling to let jury know the facts and that verdict against city would cause lawsuits in connection with another dam held improper, requiring reversal.

In action against city for damages by reason of erection of dam blocking stream above plaintiff's land, argument of counsel for city that plaintiff in objecting to evidence was unwilling to let the jury have facts and that certain facts would have changed situation, if they could have been shown, and remarks that city was going to build another dam and might be involved in numerous lawsuits, if jury returned verdict against it, *held* improper, requiring reversal, where there was some evidence in support of plaintiff's case.

Appeal from Taylor County Court; Tom K. Eplin, Judge.

Suit by D. McMahan against the City of Abilene. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 271 S. W. 188.

Kirby, King & Overshiner, of Abilene, for appellant.

Davidson & Hickman and Dallas Scarborough, all of Abilene, for appellee.

HICKMAN, C. J. This suit was brought by appellant against appellee for damages alleged to have been suffered to the lands of appellant by reason of the erection and maintenance by appellee of a dam across a stream above appellant's lands. This is the second appeal of this case. The opinion by the Court of Civil Appeals on the former appeal will be found in 261 S. W. 455, and the opinion by the Commission of Appeals will be found in 292 S. W. 525. On the last trial of the case it was submitted to the jury on two special issues, as follows:

"(1) Did the construction and maintenance of defendant's dam and reservoir cause damage to plaintiff's property described in his petition by decreasing its market value?" To this issue the jury answered, "No."

"(2) If you answer the foregoing question in the affirmative, then what would be the difference, if any, between the reasonable market value of said property immediately before and after the construction and maintenance of said dam and reservoir?" No answer.

Upon the answer of the jury to special issue No. 1, judgment was rendered that appellant take nothing by his suit.

[1, 2] The questions presented for our decision relate to improper argument of counsel and rulings of the trial court on the admission of evidence. Four bills of exceptions complain of the argument of counsel. These bills each disclose upon their face that the remarks complained of were not in response to argument of opposing counsel; that appellant's attorneys in open court objected to the remarks and requested the court to instruct the jury not to consider same; that the objections were overruled, and the court refused to instruct the jury not to consider the remarks. The first remark of counsel to which objection was made was as follows:

"If they had thrown aside the curtain and let us show all the facts and show what Sidney Peyton paid for that property, that would have been a different thing."

Another remark of counsel objected to by appellee was:

"That is all he (McMahan) has got here is objection after objection to the evidence. Oh, yes; they have got a right to object; they won't let you have the facts."

Still another remark objected to by appellee was:

"Now, if they had let us prove by McMahan what he paid for that place and had not have objected to the testimony, that would have thrown an entirely different light on the subject."

These remarks were improper argument. A litigant has the right to object to the introduction of any improper evidence, and it is the duty of an attorney representing his client in the trial of a case to see that only compe-

tent evidence is introduced against him. His case should not be prejudiced because he thus discharges his duty to his client. Remarks such as those quoted above, particularly when approved by the court, as they were in this case by refusing appellant's request to instruct the jury not to consider same, have the effect of confirming in the minds of the jury the belief that rules of evidence exist to suppress truth rather than to discover and reveal it. If objections to improper evidence are thus to be commented upon, then in many cases it would be better for attorneys to permit, without objection, the introduction of all sorts of improper evidence against their clients, because such evidence would not have such damaging effect as would the remarks of a prominent attorney for whom the jurors have great respect.

The fourth remark of counsel to which appellant objects was as follows:

"Why, gentlemen of the jury, the city is going to build a dam across Cedar creek out here, and, if you bring in a verdict for McMahan in this case, all of these people up and down Cedar creek will be suing the city of Abilene for damages."

There was no evidence in the record that the city was going to build another dam, or that there were persons who would be damaged thereby, and who would sue the city on that account. This argument was improper. It brought before the jury facts not offered in evidence and appealed to their sense of duty as good citizens to protect the public and promote civic progress. Appellant's property rights must not be sacrificed to public uses without adequate compensation.

The briefs of the parties contain many authorities on the question of when a case should be reversed because of improper argument of counsel. There has been much written on this question, but this court has uniformly felt bound to follow the rule as announced by the Commission of Appeals in the case of Bell v. Blackwell, 283 S. W. 765, and many times reaffirmed by the Supreme Court. For decisions indicating the views of this court on the question of improper argument, see Security Union Ins. Co. v. Alsop (Tex. Civ. App.) 1 S.W.(2d) 921; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169.

The case of Bell v. Blackwell answers the contention of appellee that no harm resulted, because appellant failed to prove a case. There is certainly some evidence in the record in support of appellant's case as pleaded, and even though the overwhelming preponderance of the evidence might have been in favor of appellee, a question about which we express no opinion, that would not affect the harmful character of the argument of counsel.

The assignments in the brief, challenging the rulings of the trial court on the admission of evidence, will not be considered, because

the errors complained of will not likely arise upon another trial.

For the reasons indicated, the judgment of the trial court will be reversed, and the cause remanded.