## MOODY et al. v. HOGAN.

### No. 1306.

Court of Civil Appeals of Texas. Waco.

Dec. 29, 1933.

Rehearing Denied Feb. 16, 1933.

Munroe & Holt and Fred Hartley, all of Waco, for appellants.

W. L. Eason, J. A. Stanford, Tom M. Hamilton, and Edgar Davidson, all of Waco, for appellee.

ALEXANDER, Justice.

Mrs. E. L. Moody, joined pro forma by her husband, filed application in the probate court to probate the will of M. E. Hogan, deceased, her former husband. The will was contested by H. L. Hogan, a son of the deceased. On appeal in the district court, the jury found that the will was executed as the result of undue influence exercised by Mrs. E. L. Moody, who was the principal devisee in the will. The court entered a judgment denying the probate of the will, and proponents appealed.

It was a sharply contested issue as to whether Mrs. Moody had compelled or unduly influenced the testator to make the will. The evidence showed that just prior to the execution of the will, Mrs. Moody, then Mrs. Hogan, had secured a divorce from the testator and that Mr. Tom M. Hamilton had represented her as her attorney in said divorce

proceedings. He prepared the will in question and it was executed in his office, in his presence. Mrs. Moody was present at the time of the execution of the will, but no one testified as to any statements by, or any conduct of, Mrs. Moody at the time of the execution of the will, or whether she took possession of the will at that time, or whether it was left in the possession of the testator. After the death of the testator, the will was found in his private box at the bank. The contestants placed Mr. Hamilton on the witness stand as a witness in their behalf and undertook to prove by him that Mrs. Moody made certain statements in his office at the time of the execution of the will tending to show that she exercised undue influence over the testator and further that she had taken possession of the will immediately after its execution. On voir dire, however, it was developed that Mr. Hamilton had represented Mrs. Moody as her attorney in preparing the will and in securing its execution and, as a consequence, the court excluded the testimony of Mr. Hamilton on the ground that to admit same would be to permit the attorney to disclose confidential communications between attorney and client. With the record in this condition, Mr. Hamilton, as attorney for the appellee, in his argument to the jury, made the following statements: "I didn't take part in this case as a lawyer until I got on the witness stand, and when I got on that witness stand, counsel for Mrs. Moody flew to the technicalities of the law and pleaded that my lips be sealed in silence. That I could not tell from that witness stand—" Counsel for appellants objected to the argument, but the court overruled the objection, whereupon Mr. Hamilton continued as follows: "Oh yes you did. Yes you did. * * * I don't blame them from squirming in their seats and trying to stop me when what I am saying is burning them. They seal my lips. * * * When the will was signed, when it was placed in this envelope, who took it? Did Hogan? No. Who did? She did. What did she do? She left. * * * If the great God could roll away the dirt under which his bones are now sleeping, and Mont Hogan could walk before this jury and tell you what he wanted done, and I think, Gentlemen, that if he did, he would point to that boy. Why? Why, do I think it? They won't let me tell. They wouldn't let me tell why I may have known why. * * * Under the sanctity of an oath I got on the witness stand. I wrote the will. They say I wrote it. I know how come me to write it. They won't let me tell it. They won't. Suppose you and I were to go out to my house— * * * He says and his brother said and another man said that Mont Hogan told them he was going to make a secret will. He had to keep it a secret from her. That if he did not, she would raise 'Hell' with him. That's the testimony all right. She had him sign the will. Time did roll by, but did not the

same agency still live? That will laid up wherever it was she had it." All of this argument was objected to by counsel for appellants, but the objections were by the court overruled.

■■ Counsel for appellants had the right to object to the testimony, and when the objection was sustained, the appellee's counsel had no right to comment on the fact that he had not been permitted to introduce same in evidence. Such argument had the effect of creating in the minds of the jury the impression that counsel was in possession of facts which, if the same had been admitted, would have established undue influence and that the appellants were, by means of technicalities, undertaking to conceal the true facts from the jury. Such conduct on the part of counsel was of peculiar significance in this case, since, he was the witness who was supposed to be in possession of such information and had undertaken to testify thereto and his evidence had been excluded. His statement to the jury that Mrs. Moody took the will at the time of its execution, and his intimation that she had kept it in her possession since its execution, were not supported by the record. Counsel in making such statements went outside of the record and gave the jury evidence which had not been admitted in the regular way and which was in itself inadmissible. Such argument has been condemned in numerous cases and requires a reversal of this case. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363; Robbins v. Wynne (Tex. Com. App.) 44 S.W.(2d) 946; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554; First National Bank v. Harkrider (Tex. Civ. App.) 157 S. W. 290.

■ The trial court qualified the various bills of exceptions, wherein appellants complained of improper argument, by stating that counsel for appellants in their argument to the jury had indulged in considerable personal abuse and criticism of Mr. Hamilton, criticizing his position in the case and his action and conduct as an attorney and as a man. The trial judge stated that he was unable to set out the language used by counsel for appellants, but that any remarks made by Mr. Hamilton defending himself or justifying his position in the case were probably provoked by counsel for appellants. The same language was used by the court in the qualification to each of the bills. The argument complained of in some of the bills of exceptions as having been made by Mr. Hamilton constituted a defense of himself and of his conduct in the case and was justified by the facts as related by the court. The facts stated in the argument hereinabove quoted, however, did not constitute a legitimate defense by counsel of himself and he was not justified in making such remarks, even though opposing counsel had criticized his conduct in the case. He had a right to reply to the criticisms heaped

upon him by opposing counsel, but was not justified in suggesting to the jury, nor in commenting on, what his evidence would have been on such a material issue in the case where such evidence had previously been excluded by the court. The facts related by the court justified the argument as complained of in some of the bills of exceptions, but did not justify the argument above quoted.

■ The trial court did not err in refusing to allow the temporary administrator of the estate to be made a party to the suit. He had no interest in the question as to whether the will should or should not be admitted to probate.

The other errors assigned will not likely arise in the same manner upon another trial and we, therefore, forbear a discussion thereof.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

STANFORD, J., not sitting.