## METROPOLITAN CASUALTY INS. CO.
### v. WOODY et al.
### No. 1377.

Court of Civil Appeals of Texas. Eastland.
Feb. 8, 1935.

Rehearing Denied March 1, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, and Frank Sparks, of Eastland, for appellant.

R. N. Grisham, of Eastland, for appellees.

FUNDERBURK, Justice.

By this suit Mrs. Bessie Woody and minor child, LeRoy Woody, seek judgment against Metropolitan Casualty Insurance Company for compensation insurance on account of the death of C. D. Woody, husband and father, respectively, of the claimants. It was alleged that deceased sustained an injury on or about June 27, 1933, while in the course of his employment with Mitchell-Stewart Construction Company, for whom said insurance company was the insurance carrier. It was alleged that the injuries resulted in traumatic pneumonia, from which Woody died. More particularly, the nature of the injury was described as resulting from the attempt of the deceased and eight or nine other employees to load upon a truck a joint of 8-inch pipe, approximately about 40 feet in length. One end of the pipe was placed upon the truck, and one employee stationed to hold it in place while the others lifted the other end, during which operation, when the pipe had been raised several feet above the ground, the end upon the truck slipped off and fell, striking the ground with great force, causing the pipe to be jerked out of the arms of Woody and his coemployees, and suddenly jarring upon and against the side of the said Woody, seriously injuring and bruising his side, and injuring him internally.

The case was tried with a jury, to whom was submitted special issues, and upon the answers to which, favorably to the claimants, judgment was accordingly rendered for them. The insurance company has appealed.

The appellant first contends that, disregarding certain testimony as being hearsay,

and therefore incompetent, there was no evidence to raise an issue that the plaintiff was injured in the course of his employment as contended by the claimants, and that, therefore, the court erred in refusing, upon its request, to instruct a verdict in its favor. Other assignments of error present the contention that the court erred in the admission of testimony by Mrs. Woody, in substance, that deceased, when he returned home from work on the day. of the alleged injury, stated that he had been injured while attempting to load a joint of pipe upon a truck. Also, that when the physician was called to attend him, he stated to. the physician that he had been injured in that manner. Part of the testimony was elicited from Mrs. Woody in the absence of counsel for the insurance company who had delayed a few moments in returning to the courtroom from a consultation with witnesses, after being informed by the trial judge that he was ready to proceed with the case. When testimony to like effect was sought to be elicited, and objection made, the judge informed counsel that other testimony of the same import had already been admitted in their absence, whereupon counsel for appellant objected and filed a written motion requesting the court to strike such testimony from the record upon the ground that it was hearsay and therefore incompetent. This motion was overruled. We think, under the circumstances stated in the bill of exception, appellant lost no right by its failure to except to the introduction of the testimony when given, to complain of same, and that its rights were fully preserved by the motion to strike out such testimony.

■ We are unable to ascertain from the statement of facts what time of day it was when the accident in attempting to load the joint of pipe occurred. It is inferable that many hours elapsed before the deceased made the declarations accredited to him, and of which complaint is made. In this state, contrary to the rule obtaining in some other jurisdictions, some subsequent declarations of an injured person as to how an injury was received are held admissible as a part of the res gestæ. In International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 1040, 27 Am. St. Rep. 902, the Supreme Court, after stating the general rule, further said: "Another rule, applied in many of the American courts at least, is to admit as parts of the res gestæ not only such declarations as accompany the transaction, but also such as are made under such circumstances as will raise a reasonable presumption that they are the

spontaneous utterance of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design." Under this enlargement of the general rule, which it was recognized in the Anderson Case had been previously sanctioned by the courts of this state, the subsequent declarations of the injured party as to the fact and manner of an injury has from time to time been held admissible. A careful examination of all the available decisions, however, shows that such declarations have been admitted only when it was shown to be a very short time after the injury, usually but a few minutes. Only two or three times, so far as.our investigation shows, have declarations been admitted which occurred as long as thirty minutes after the injury. The longest time that any such declarations have been admitted (except where there was intervening unconsciousness, which is to be excluded) was in Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647. In Norwich Union Indemnity Co. v. Smith (Tex. Civ. App.) 3 S.W.(2d) 120 ; Id. (Tex. Com. App.) 12 S.W.(2d) 558, and Employers' Liability Assur. Corporation v. Flint (Tex. Civ. App.) 14 S.W.(2d) 1046, the declarations were made within an hour. In the Fox Case, the declarations were made about one hour after the injury. It is our conclusion that neither precedent nor reason justifies admission of the declarations in this case. On the contrary, many authorities support the proposition that they cannot be regarded as part of the res gestæ and were hearsay, and, therefore, incompetent. Lumbermen's Reciprocal Ass'n v. Adcock (Tex. Civ. App.) 244 S. W. 645 ; McDowell v. Security Union Ins. Co. (Tex. Civ. App.) 10 S.W.(2d) 782; Texas & N. O. Ry. Co. v. Crowder, 70 Tex. 222, 7 S. W 709 ; St. L. & S. W. Ry. Co. v. Gill (Tex. Civ. App.) 55 S. W. 386; Missouri, K. & T. Ry. Co. v. Tarwater, 33 Tex. Civ. App. 116, 75 S. W. 937 ; Ft. Worth & D. C. Ry. Co. v. Stone (Tex. Civ. App.) 25 S. W. 808; Wall v. Berger (Tex. Civ. App.) 212 S. W. 975 ; Huth v. Huth, 10 Tex. Civ. App. 184, 30 S. W. 240.

■ This testimony being hearsay, and for that reason incompetent, it must be excluded from consideration in determining if there was any evidence sufficient to raise an issue of fact whether deceased received the injury (as alleged) in the course of his employment. See collation of authorities upon this point in United States Fidelity & Guaranty Co. v. Inman (Tex. Civ. App.) 65 S.W.(2d) 339.

■■ We next consider whether, excluding consideration of the incompetent testimony,

there was evidence raising an issue of fact that deceased received the injuries alleged in the course of his employment. If the deceased was injured by the falling pipe, then he received his injuries in the course of his employment. If he was injured by the falling pipe, there is ample evidence to support the jury's finding that his death was caused as the result thereof. There is no direct evidence that deceased was in any manner injured by the falling pipe. If he was so injured, that fact must be established, if at all, by inference. Whether the evidence legitimately supports such inference is a question not entirely free from difficulty. We think the evidence justified the conclusion that deceased received an injury from an external force. The blue ridge across his side testified to by a number of witnesses, together with the complaints of pain in the same region, supports that conclusion. The testimony of Dr. Ferguson amply supported the conclusion that the pneumonia from which he died was traumatic in origin. If the jury, as we think, were warranted in concluding that the deceased was injured by an external force, did they have the right to infer that it was caused by the falling pipe? Appellees had the burden of proof to establish that the injuries were received substantially as alleged. The circumstances of the falling pipe, as clearly established by a number of witnesses, were undoubtedly such as to show that deceased may have received the injury when the pipe fell. In other words, there was thus accounted for an external force calculated to produce just such an injury as the jury were warranted in believing the deceased had from some cause received. If the deceased received an injury from an external force, it was either caused by the falling pipe, or resulted from some other cause. There was no evidence of any other cause. The mere absence of evidence of any other cause was not alone sufficient, we think, to justify the inference, particularly since the burden of proof was upon the claimants. There must exist something of which the jury could take cognizance to make the inference that the injuries resulted from the falling pipe more reasonable than that it resulted from some other cause. It seems to us that in the ordinary course of events there would be such an extreme unlikelihood that in one day's time the deceased would have come within range of two disconnected forces each alone calculated to produce the injury in question as to justify the inference that he received his injury from the known circumstances capable of producing same, rather than some possible unknown cause.

■ We have had very little aid in the way of precedents in reaching this conclusion. The only decision we have found in point applying the principle is the old case of Barrow v. Philleo, 14 Tex. 345. In that case plaintiff sued for damages to goods alleged to have been received under a particular contract of shipment. He had the burden of proving that the goods which were shipped were the same that were damaged. There was no direct evidence of this fact. The court said: "If the goods damaged were other than those enumerated in the receipts, it devolved upon the defendant to show the fact, or at least to show that he had hauled other goods for the plaintiff." Manifestly, the only reason it would in such case devolve upon the defendant to show that the goods injured were not those described in the receipts, or, at least, to show that he had hauled other goods for the plaintiff, was to destroy the permissible inference that the goods contracted to be delivered were those delivered in a damaged condition. In the instant case, if evidence had been produced to show the existence of another circumstance calculated to produce the injury in question, but nothing to favor the inference that it did so over the inference that it was caused by the pipe, the jury would have had no right to infer that the injury was received from the falling pipe. If an inference of facts consistent with no legal liability is just as valid as an inference of facts legally resulting in liability, then the jury is not warranted in finding the facts of liability as an inference. K. C. So. Ry. Co. v. Carter (Tex. Civ. App.) 166 S. W. 115; Lutgen v. Standard Oil Co., 221 Mo. App. 773, 287 S. W. 885. But in the absence of evidence of any circumstances to account for the injury other than the falling pipe, and the great unlikelihood that in the same day two probable causes of the injury would have existed, it is our conclusion that the jury were warranted in inferring the ultimate fact of injury from all such facts and circumstances in evidence. The court, therefore, did not err in refusing to give a peremptory instruction.

The inference, however, was not a necessary one. Therefore, the error of the court in refusing to strike out the evidence of hearsay declarations of the deceased is not affected by this conclusion.

■ We are also of the opinion that the argument of counsel to the jury to the effect that appellee had undertaken to prove by var-

ious witnesses that deceased had complained of an injury, but the insurance company had objected, and the court had excluded it, was calculated to prejudice the rights of appellant, and the action of the court in refusing to instruct the jury not to consider same was error. Whenever a court, upon proper objection, excludes evidence, if such action is error, the party has a recourse by proper assignment complaining of the exclusion. It is error for counsel in such case to argue the excluded fact to the jury, directly or indirectly, by suggesting that the fact could have been proved but for the action of the court in excluding it. Floyd v. Fidelity Union Cas. Ins. Co. (Tex. Com. App.) 24 S.W.(2d) 363; Moody v. Hogan (Tex. Civ. App.) 56 S.W.(2d) 1086; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554.

There was no error, we think, in the court's failure to define the terms "cause" and "natural." These are terms of ordinary signification and require no definition. Texas & P. Ry. Co. v. Short (Tex. Civ. App.) 62 S.W.(2d) 995.

Other errors assigned will probably not occur upon another trial, and we, therefore, deem it unnecessary to notice same.

Because of the error mentioned, we conclude that the judgment of the court below must be reversed and the cause remanded, which is so ordered.