**TEXAS EMPLOYERS' INS. ASS'N**
**v. PHILLIPS.**

No. 2977.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1953.

Rehearing Denied Feb. 20, 1953.

Marvin Sprain and McMahon, Springer, Smart & Walter, Abilene, for appellant.

J. B. Cotten, Seagraves, and Davis Scarborough and Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

LONG, Justice.

H. E. Phillips instituted this suit against Texas Employers' Insurance Association to recover under the provisions of the Workmen's Compensation Statute. The trial was before a jury and on answers to special issues submitted, judgment was entered against defendant for the sum of $8,853.75 in accordance with the jury's findings that plaintiff was totally and permanently disabled. The insurance company has appealed.

Appellee was employed as a "rough neck" on a drilling rig in Scurry County. He predicates his claim for compensation on an injury to his back sustained September 5, 1950, while he was assisting his fellow employees in lifting a joint of pipe. Appellee remained away from his work for some ten days after his injury. Thereafter, he returned to his job and performed the same labor that he had been performing before his injury, receiving therefor the same compensation. He continued to work at the same employment, receiving the same compensation for a period of approximately nine months. In explaining why he continued to work after he had been injured, appellee testified that his wife was in bad health and that he was working because of necessity. On this point appellee testified as follows:

"Q. Now, Mr. Phillips, if you were having trouble during that time, why was it that you were working? A. I just had to work. I had a very sick wife.

"Q. Is she still in poor health? A. Yes, sir.

"Mr. Sprain: Now, Your Honor, we are going to object to that. I can't see where the condition of his wife has anything to do with this law suit.

"Mr. Scarborough: If Your Honor please, it has this to do with it—on the question of disability or drawing his pay, as I understand the law, a man can be disabled and entitled to compensation even though he is working; and we are entitled to make an explanation of why he was working if he was disabled and that is the purpose for which this testimony is offered.

"The Court: All right, I will overrule the objection.

"Mr. Sprain: Note out exception.

"Q. What is the condition of your wife's health at this time, Mr. Phillips?

"Mr. Sprain: Your Honor, I think the fact that we have to go into what her condition is—he said she was sick. I don't think we need to get into anything more inflamatory before this jury.

"The Court: I am going to sustain the objection as to his wife's condition."

Appellee's counsel, in his closing argument, made the following remarks:

"But now they say they are trying to prejudice us in this case. They go in there and talk about Phillips' wife; and, we don't know if she was able to make an automobile trip back to the old country, back to Arkansas. Well, I forgot who it was, there was some objection from somebody when I tried to show what her condition was. They had a right to make their objections. Don't misunderstand me, but now they are seeking to criticize me for talking about the poor man's wife and dragging prejudice into this case, and if you didn't get all of the facts, if he didn't tell you a lot of things that might have developed in this case, that the objection was made and they had right to do, then—

"Mr. Sprain: Now, Your Honor, we're going to object to him commenting on our objection and ask that the

jury be told to disregard it. We have a perfect right to make our objections.

"Mr. Scarborough: We submit, if the Court please, that this is in reply to counsel's argument that she was able to go to Arkansas while all this was going on.

"The Court: All right, the jury can weigh the evidence all right."

Appellant objected to such argument and requested the court to instruct the jury not to consider it. The court refused to so instruct the jury and appellant assigns this action of the court as error.

■ We believe the argument made was improper and that the trial court erred in failing to instruct the jury not to consider it. The argument advised the jury that appellant was in possession of facts other than those in evidence and that if the jury did not get all of the facts it was because of the objection made by appellant. When a court, upon objection, excludes evidence if such action is error, the party against whom the error is made has a recourse by taking a bill of exception and assigning the same as error upon appeal. It is error for counsel to argue the excluded fact to the jury either directly or indirectly by suggesting that the facts could have been proved but for the objection of the opposing party. Floyd v. Fidelity Union Casualty Company, Tex.Com.App., 24 S.W.2d 363, 39 S.W.2d 1091; Moody v. Hogan, Tex.Civ.App., 56 S.W.2d 1086; McMahan v. City of Abilene, Tex.Civ.App., 8 S.W.2d 554; Metropolitan Casualty Insurance Company v. Woody, Tex.Civ.App., 80 S.W.2d 771; First National Bank v. Harkrider, Tex.Civ.App., 157 S.W. 290.

■ Appellee contends the argument complained of was a proper, legitimate and justifiable reply to the argument of defendant's counsel. We cannot agree with this contention because the bill as approved does not show what the argument of appellant's counsel was and that the argument about which complaint is made was in reply thereto. West Texas Utilities Co v. Renner, Tex.Com.App., 53 S.W.2d 451. Appellee makes the further contention that the bill of exception to the argument is not proper because it does not point out the specific grounds for the exception and the bill does not show to have been presented to counsel for appellee. The bill of exception contained a complete transcript of the argument made by counsel for appellee which is certified to by the official court reporter. The trial court approved such transcript and ordered it filed as a bill of exception. It is shown in the bill that counsel for appellant objected to the argument which is here assigned as error and requested the trial court to instruct the jury not to consider it. We believe that the bill is sufficient to meet the requirements of the law. The certificate of the trial court does not show whether or not the bill was presented to counsel for appellee. Under Texas Rules of Civil Procedure, rule 372, it was the duty of the trial court to submit the bill to counsel for appellee if he was in attendance on the court. In the absence of a showing to the contrary, we must presume that the trial court followed the law and complied with the provisions of said rule.

■ In its motion for new trial, appellant contended that the jury was guilty of misconduct in several respects while considering its verdict. Among other things, it was alleged that one of the jurors, who was an employee of an oil company, made a statement to the jury while in deliberation, that many companies required pre-employment physical examinations before they hired a man. The trial court heard evidence on the motion and overruled it. The burden was upon appellant to show that there was jury misconduct and that said misconduct probably caused the rendition of an improper verdict to the injury of appellant. Whether the misconduct occurred is a question of fact for the determination of the trial court. Whether said misconduct is harmful is a question of law to be determined by the court. If the evidence is conflicting on the issue of misconduct, then we will presume the trial court found that the misconduct did not occur. However, we believe the evidence is conclusive that Mr. Crook, foreman for Lion Oil Company, stated to the jury that it would be necessary for ap-

pellee to stand a physical examination before he would be hired by an oil company. Mr. Rogers, one of the jurors, testified that Mr. Crook made the statement to members of the jury while they were deliberating that any one going to work for an oil company now would have to have a physical examination complete, with X-rays and stating that he had never been hurt before. Appellee called Mr. Crook, as a witness. He testified as follows:

"Q. In other words, Mr. Crook, as far as you heard this evidence did you hear anything mentioned in the jury room, or did you mention it yourself, anything except something that was in evidence from the witness stand in this case—is that all? A. Well, I did say that he would have to stand a physical examination.

"Q. He would have to stand a physical?

* * * * * *

"Q. And, just what was the occasion of your bringing up the fact that he would have to pass a physical? A. Well, we were on one of those questions there and we were badly confused as to what the answer should be."

We believe that the above evidence establishes jury misconduct. It follows then that the only question left for this court to decide is whether under Rule 327 the misconduct is of such nature as to require a reversal of the judgment. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. The evidence of the juror Crook shows that at the time when the jury was badly confused and having difficulty in answering one of the issues, he made the statement that it would be necessary, before appellee could obtain employment from an oil company that he would be required to stand a physical examination. This was very material upon the issue of whether appellee was injured to such an extent that he could not secure or retain employment in the future. It is conceded upon the hearing of the motion for new trial that it is not the general rule for oil companies to require pre-employment physical examinations of their employees. Thus it will be seen that evidence outside of the record, which was not correct, was placed before the jury at a time when they were badly confused and having difficulty in arriving at an answer to one of the issues in the case. We believe that this misconduct requires a reversal of the judgment. R.C.P. 327 provides that when the ground of the motion for new trial is misconduct of the jury, the court shall hear evidence thereof from the jury and may grant a new trial if such misconduct proved material and if it reasonably appears from the evidence, both on the hearing of the motion and the trial of the case, and from the record as a whole, that injury probably resulted to the complaining party. This was a closely contested case. The evidence on the trial was conflicting on the issue of the extent and duration of appellee's disability. The evidence shows that appellee continued, after an interruption of ten days, to work at the same job, receiving the same compensation, for nine months after he received his injury. It is further disclosed that after he quit working in the oil field that he was employed at a filling station and continued such employment down to the date of the trial. The medical testimony was conflicting. It was the opinion of the doctor testifying for appellee that he was totally and permanently disabled. It was the opinion of the doctor testifying for appellant that appellee had no disability. When we view this record in its entirety, we are constrained to believe that the statement by the juror Crook, who was an experienced oil man and foreman for an oil company, that it would be necessary for appellee to stand a physical examination before he could obtain employment from an oil company, would have great weight with the jury and would probably influence its members in arriving at their answers to the issues as to whether appellee was totally and permanently disabled. Burkett v. Slauson, Tex.Sup., 237 S.W.2d 253.

We might not reverse this case because of one of the above errors but when the misconduct of the jury is considered in connection with the improper argument of

counsel, we believe that such errors, when taken together, compel the reversal of the judgment. Sproles Motor Freight Lines, Inc., v. Long, 140 Tex. 494, 168 S.W.2d 642; Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302. We have considered the other points raised by appellant and find no merit in any of them. For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.