CITY OF SAN ANTONIO, Appellant

v.

Oscar ANDERSON et al., Appellees.

No. 3571.

Court of Civil Appeals of Texas.

Eastland.

Feb. 24, 1961.

Rehearing Denied March 17, 1961.

Carlos C. Cadena, City Atty., San Antonio, for appellant.

Park Street, San Antonio, for appellees.

COLLINGS, Justice.

This is a condemnation suit. It is stipulated that the condemnation proceedings instituted by the City of San Antonio were in all things proper and legal. The question in controversy before the trial court was the amount of damages to which defendants Oscar Anderson and wife, Fidelia C. Anderson, were entitled for the taking of their property. The trial was before a jury and judgment was entered for the Andersons on the basis of the verdict. The City of San Antonio has appealed.

Appellant presents two points of error in which it is urged (1) that the court "erred in overruling appellant's motion for mistrial because said motion undisputedly showed bias and prejudice on the part of a juror, even prior to deliberation in the jury room", and (2) that "appellant was precluded from presenting the issue of jury misconduct to the trial court as the term of court expired the day judgment was entered"; that appellant was materially prejudiced thereby and relies on Rule 329-a, Texas Rules of Civil Procedure, for relief.

■ The jury was selected and trial commenced on January 18, 1960. On January 21 appellant City of San Antonio filed a motion for mistrial in which it was alleged that during the afternoon of the preceding day, to-wit: January 20, 1960, one of the jurors, namely Cora Schwalm, approached the attorneys in the case and informed them, in effect, that if any future expressway encompassed property owned by her and the city tried to do what they were doing to the Andersons, she would "raise sand". The allegations of fact set out in the motion for mistrial were sworn to by two of the attorneys for the city and a witness for the city, to all of whom it was alleged the statement was made. The motion for mistrial was overruled. The order overruling the motion was in general terms and made no specific fact finding concerning whether the matters alleged in the motion actually occurred. The only indication in the court's order of the basis for its action was the provision that "such motion is without merit." There are no bills of exception in the transcript, nor is there anything in the statement of facts to show that the allegations of jury misconduct set out in the motion for mistrial actually occurred. There is no showing that any evidence was heard on the motion for mistrial. The affidavit attached to the motion was ex parte and was a part of the pleadings. It was not available as evidence in support of the motion. The burden was on appellant to show the alleged misconduct. The record is silent on the question and appellant has failed to meet its burden. Appellant's first point is overruled.

We also overrule appellant's second point contending and complaining of the fact that appellant was precluded from presenting the issue of jury misconduct to the trial court because the term of said court expired the day judgment was entered and that appellant was materially prejudiced thereby. As previously indicated, the trial commenced on January 18, 1960, and appellant's motion for mistrial was filed on January 21, 1960. Thereafter on the same day the charge of the court was submitted to the jury and the verdict was received by the court. The record shows that judgment was entered January 29, 1960. However, it is conceded by both parties that judgment was rendered and entered on January 30, 1960, which was the last day of the term of court. On February 8, 1960, appellant gave notice in writing of its intention to appeal from the judgment and filed such notice with the clerk of the court. No motion for new trial was filed by appellant. Appellant relies upon Rule 329a, T.R.C.P., to show that it was precluded from presenting a motion for new trial due to the expiration of the court's term and to excuse the failure to file such motion as a prerequisite to appeal. Rule 329a provides as follows:

"Motion for new trial when required in any case tried in a County Court shall be made within ten (10) days after the rendition of judgment if the term of court shall continue so long, if not, then before the end of the term, and may be amended under leave of the court. Such motions for new trial, original or amended, shall be determined at the term of the court, at which made. Provided, however, that if there is not remaining in the term five full days' time from the rendition of the judgment to the adjournment of the court for the term in which the judgment is rendered, the filing of a motion for new trial shall never be prerequisite to an appeal in case tried in a county court."

■■ The record unquestionably shows that there was "not remaining in the term five full days from the rendition of the judgment to the adjournment of the court." Appellant was, therefore, by the terms of Rule 329a clearly excused from the necessity of filing a motion for new trial as a prerequisite to appeal. An appellant, however, has the burden of establishing any claimed jury misconduct and probable injury resulting therefrom. Rule 327, T.R.

C.P.; 41–B Tex.Jur. 417; Texas Employers Insurance Ass'n v. Phillips, Tex.Civ.App., 255 S.W.2d .364; City of Fort Worth v. Estes, Tex.Civ.App., 279 S.W.2d 687.

Numerous acts of misconduct in the jury room are urged in appellant's brief, but there is no showing in this record that any jury misconduct occurred. In addition to what has already been shown, appellant is, in effect, trying to perfect the record and show facts establishing misconduct in the jury room by presenting affidavits attached to its briefs in this court. Appellant apparently seeks to justify its attempt to establish jury misconduct by affidavits, presented for the first time in an appellate court by showing that there was insufficient time between the jury verdict, the judgment and the expiration of the court's term in which to present a motion based on jury misconduct and to obtain and present evidence to the trial court in support thereof.

It is asserted in appellant's brief that only after diligent investigation was it able to ascertain that the juror, Cora Schwalm, had committed prejudicial misconduct in the jury room. The only showing of such claimed misconduct is by exhibits attached to appellant's brief. These exhibits are "A", an affidavit by the juror Cora Schwalm dated February 11, 1960, and "B", an affidavit by another juror in the case dated June 1, 1960, both of which indicated numerous prejudicial acts of misconduct in the jury room by the said Cora Schwalm. Also attached to appellant's brief is Exhibit "C" which is an affidavit by an investigator for the city to the effect that although he diligently sought to do so he was unable to secure the affidavit of Cora Schwalm before February 11, 1960.

■ Assuming for the sake of argument (which assumption in our opinion is not supported by the record) that appellant was precluded from presenting the issue of jury misconduct to the trial court because the term of court expired on the day judgment was entered, appellant has cited no authority in support of the contention that jury misconduct constituting reversible error may be shown in the manner here attempted. On the contrary, it is held that a complaint concerning jury misconduct will not be considered by an appellate court unless the record shows the existence of such misconduct. Vilbig v. Faison, Tex.Civ. App., 296 S.W. 669; 3 Tex.Jur.2d 648, 678. An appellate court may not assume the existence of facts not shown by the record. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649. Matters outside the record attempted to be shown by affidavits, or the like, as here attempted by appellant, may not be considered. Brown v. Torrey, 22 Tex. 54. This record is silent concerning the existence of any jury misconduct.

Actually the record does not show that appellant was precluded from timely presenting the complaint of jury misconduct to the trial court because of the expiration of the term on the same day judgment was entered. From the time the verdict was returned until the last day of court there was a period of 8 or 9 days. Appellant knew, or should have known, when the term of court would expire and his duty under the Rule was clearly set out. The affidavit of the juror Schwalm was not obtained until February 11, or after the expiration of 10 more days and the affidavit of the other juror was not obtained until June 1, 1960. Even if the term had continued until June 1, appellant did not, and by its own admission could not have made its motion for new trial based upon the claimed jury misconduct within 10 days after rendition of the judgment as required by Rule 329a. Obviously, he was not precluded from timely presenting his complaint of jury misconduct to the trial court because of the expiration of the term on the day of or the day after the judgment. For the reasons stated, appellant's second point is overruled.

The judgment is affirmed.