**TEXAS LIQUOR CONTROL BOARD, Appellant,**

v.

**Virginia May TAYLOR, Appellee.**

No. 3755.

Court of Civil Appeals of Texas.

Waco.

April 28, 1960.

Will Wilson, Atty. Gen., for appellant.

Wm. H. Scott, Jr., Houston, for appellee.

WILSON, Justice.

The sole question before us is whether the order of appellant's Assistant Administrator cancelling appellee's retail permit is legally supported by substantial evidence. The trial court determined it was not.

This opinion may be simplified by stating at the outset that under the evidence introduced in court, apart from that adduced at the administrative hearing, the trial court's determination was correct. Appellee, as the aggrieved party, discharged the burden [1] imposed under settled principles of administrative law.

Appellee introduced a transcript of the proceedings before the Assistant Administrator for the limited purpose of showing "what the proceedings were before the Administrator." This transcript consisted of affidavits, telegrams and letters, oral testimony of appellee and appellant's records.

Application of the substantial evidence rule to Art. 666–14, Vernon's Ann. P.C., under which this appeal came to the district court, is fixed by the Supreme Court in Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202, where Justice Smedley wrote that the finding of the administrative body will be sustained "if it is reasonably supported by substantial evidence, *meaning evidence introduced in court.*" In Railroad Comm. v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030, the Supreme Court said, "In fact, the evidence heard by the agency is not per se admissible upon the trial in the district court. Whether it is admissible upon the trial in the district court must depend upon its own merits under the general rules of evidence, and without regard to whether it had theretofore been introduced before the agency."

In Cook Drilling Co. v. Gulf Oil Corp., 139 Tex. 80, 161 S.W.2d 1035, 1036, the only material evidence before the court was the transcript of the administrative hearing, introduced "for the limited purpose only of showing what evidence the Commission heard." The Supreme Court held, "Whether the Commission actually heard sufficient evidence * * * is not material". The transcript introduced for the limited purpose, it was held, "can be considered for no other purpose," and hence the district court did not have before it sufficient evidence to overcome the prima facie presumption of validity. In our case the converse is true. The evidence, other than the transcript, unquestionably supports the trial court's conclusion. In Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183, the Supreme Court reiterated the rule, "The question must be determined by the courts from a consideration of the entire record in the case *as that record has been made in the trial court.*"

Under the restricted offer by which the transcript in the instant case was admitted, the trial court's judgment was proper. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 344; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 697;

[1]. Board of Firemen's Relief & Retirement, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183 and cases cited.

Railroad Comm. of Texas v. Magnolia Petroleum Co., 130 Tex. 484, 109 S.W.2d 967, 970; Miller v. Tarry, Tex.Civ.App., 191 S.W.2d 501, writ ref. n. r. e.; Railroad Comm. of Texas v. Rau, Tex.Civ.App., 45 S.W.2d 413, writ dism. c. j.; Harris, Administrative Law, 29 Tex.L.Rev. 225; 1 Tex.Jur.2d Admin.Law Sec. 47.

Affirmed.