**ATLANTIC INSURANCE COMPANY,**
**Appellant,**

v.

**Vivian BOYETTE, Appellee.**

**No. 6337.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 1, 1960.

Rehearing Denied Jan. 11, 1961.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Joe H. Tonahill, Jasper, for appellee.

ANDERSON, Chief Justice.

Appellee, as plaintiff, recovered judgment under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., because of the death of her husband, John D. Boyette, a jury having first found: 1) that Mr. Boyette sustained an injury on or about December 5, 1957; 2) that the injury was accidental; 3) that it was sustained

while Mr. Boyette was in the course of his employment as an employee of M. E. Traylor; 4) that Mr. Boyette died on or about February 6, 1958, as a natural result of the injury; 5) that his death was not due solely to cancer, disassociated from the accidental injury.

The verdict of the jury and the judgment rest upon evidence by which appellee sought to prove that, while working for M. E. Traylor in a filling station in Lufkin, Texas, Mr. Boyette fell from a low ladder, landed on his rump and coccyx, and was thereby severely jarred and bruised; and that this, in its turn, so affected cancer cells which were present in his body as to cause them to produce death sooner than they otherwise would have.

■ Appellant's appeal bond is signed by only one surety, a surety company. Because of this, and upon the theory that the statute by which such bonds were formerly authorized (Art. 7.02 of the Insurance Code, V.A.T.S.) was repealed in 1957, appellee has made motion that the appeal be dismissed for want of jurisdiction. The motion is overruled. Such bonds are authorized by Article 7.19–1 of the Insurance Code, V.A.T.S., and the bond in question was filed after that statute became effective.

Appellant has brought forward twenty points of alleged error. It urges, in effect, that there is no evidence to support the jury findings or the judgment; says that, in any event, the jury findings are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong; complains because hearsay was admitted into evidence over objection; and complains of the court's charge to the jury.

■ We are convinced: 1) that some of the hearsay was inadmissible and that all of it must be disregarded in passing upon whether or not there is evidence to show that Mr. Boyette sustained an accidental injury while in the course of his employment; 2) that admitting into evidence that part of the hearsay we consider to have

been inadmissible constituted reversible error; 3) that remand of the cause for a new trial would be proper in the circumstances even though we were to hold that without the hearsay there is no evidence to support the jury findings. Therefore, and since the evidence that remains when the hearsay is disregarded is not likely to be the only evidence adduced upon another trial, we feel that no worthwhile purpose would be served by discussing and ruling upon it at this time. It is sufficient to say that the record does not render it apparent that competent evidence to prove injury and causal connection between the alleged injury and Mr. Boyette's death will not be available to appellee upon another trial of the case. On these conclusions, we bypass appellant's first thirteen points of error.

The inadmissible hearsay was given in evidence by appellee, who had been called as a witness in her own behalf. It consists of statements Mr. Boyette is represented as having made upon arriving home from work some three hours or more after it is claimed he fell and sustained injury, statements to the effect that he had fallen from a ladder during the afternoon and experienced violence to his rump. The following is a fair summary of appellee's answers to numerous questions—some of them leading questions—as to what transpired and was said when Mr. Boyette arrived home: Mr. Boyette arrived home shortly after six o'clock in the evening, having worked until six. Appellee, as was her custom, greeted him by asking him how he felt or by asking him some similar question. Mr. Boyette "said he fell and bursted his seat," and that this happened about three o'clock in the afternoon. He said he fell off a ladder, off a grease ladder, and "bursted his seat." He didn't say how high above the floor he was when he fell, but did say that, while servicing a car, he reached up to turn off the car's ignition, and that at that time the ladder slipped. He said that, while servicing a car which was on the grease rack, he reached up to switch off the ignition, and that he "landed on his seat

and nearly burst it open." He also said the fall had jolted his head and given him a severe headache at the time.

The evidence was introduced to prove that what Mr. Boyette said happened did happen. It was admissible for that purpose only in the event one or more of the recognized exceptions to the hearsay rule rendered it so, and we are convinced that none of them did.

The declarations were tendered by counsel as res gestae. We assume, therefore, that they were admitted into evidence under the exception to the hearsay rule that appertains to spontaneous declarations. Nevertheless, we also take note of the exception that appertains to declarations as to bodily condition. We do so because appellee additionally testified, while under cross-examination, that Mr. Boyette complained of a headache after he arrived home. We hold that, despite the fact that Mr. Boyette complained of having a headache after he arrived home, and despite the fact that his declarations in this respect were admissible to prove that his head was aching at that time, the latter of the exceptions to the hearsay rule did not render his assertions about his having fallen, etc., admissible to prove that those things occurred. Roth v. Travelers' Protective Ass'n of America, 102 Tex. 241, 248, 115 S.W. 31 (Syl. 7); International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630; Texas Law of Evidence, McCormick and Ray, 2d Ed., Vol. 1, sec. 843, p. 627.

Neither the declarations themselves nor the circumstances in which they were made bespeak spontaneity or lead to the conclusion that the declarations were impulsively or compulsively made under stress of some emotion, sensation or reaction produced by the accident itself. We are therefore of the opinion that the declarations cannot be accorded the status of spontaneous declarations or of res gestae. See: Texas Law of Evidence, McCormick and Ray, 2d Ed., Vol. 1, sec. 913, pp. 683–686, and the cases there collated; also, Metropolitan Casualty Ins. Co. v. Woody, Tex.Civ.App., 80 S.W.2d 771; Lumbermen's Reciprocal Ass'n v. Adcock, Tex.Civ.App., 244 S.W. 645; McDowell v. Security Union Ins. Co., Tex.Civ. App., 10 S.W.2d 782; Highway Ins. Underwriters v. Spradlin, Tex.Civ.App., 190 S.W.2d 181.

Appellee would have us infer that the declarations were spontaneously or impulsively made under stress of severe pain and that the pain resulted from injuries sustained in the accident, but there is no evidence on which to do so. A headache is the only pain Mr. Boyette is represented as having complained of after he arrived home, and there is no competent evidence from which it reasonably may be inferred that he was in pain from any other source. It is even questionable as to whether he complained of a headache; because, before testifying differently on cross-examination, appellee had twice testified, on direct examination, that the headache complaint was not made until the following day. But accepting that Mr. Boyette did complain of a headache after he arrived home and on the day of the accident, the evidence leaves us unenlightened as to when, relative to the time at which the other declarations were made, he did so. In other words, there is no evidence to show that Mr. Boyette's head was hurting when the declarations with reference to the accident were made. Moreover, and irrespective of when the headache complaint was made, the evidence does not indicate that the headache was a severe one or that it caused either Mr. Boyette or his wife any particular concern, but the contrary. Headaches had often plagued Mr. Boyette during the recent past, and appellee admitted that she was not particularly impressed when he complained of another. Lastly, there is no competent evidence to show causal connection between the accident and the headache. The evidence bearing on his conduct and appearance between the happening of the accident and the time at which he left the filling station would indicate that Mr. Boyette suffered no ill effects from his fall. There-

fore, and in view of his headache history and of other circumstances reflected by the record, a conclusion that the accident caused the headache in question is not believed to be justified. For more than one reason, then, we believe in the soundness of the conclusion first expressed, the conclusion that there is no competent evidence that would reasonably support an inference that the declarations in question were spontaneously or impulsively made under stress of or in explanation of severe pain from injuries received in the accident. And we believe this sufficiently distinguishes the case from the one on which appellee most strongly relies to uphold the trial court's ruling, or from Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ.App., 91 S.W. 2d 787.

Appellee also contends that the declarations should be accorded the status of res gestae because they were made to her, the declarant's wife, when the declarant first came into her presence after the accident had occurred, and because they were not altogether and directly responsive to the question with which she greeted the declarant. In rejecting the contention, it is perhaps sufficient to say that, under such a test, most any unsolicited description by one spouse to the other of an event of the day, given immediately upon a meeting of the spouses after the happening of the event, would qualify as being res gestae of the described event. We add, however, that the circumstances in question, standing alone, do not indicate with sufficient certainty that Mr. Boyette was in such a state of mind as a result of the accident as to justify a conclusion that the declarations were not made upon reflection and with design. And there is no other evidence to show that Mr. Boyette was otherwise than calm and mentally collected when the declarations were made. There is, in fact, no evidence to show that the accident caused Mr. Boyette any physical distress or emotional disturbance in the first instance. Undisputed evidence shows that he resumed his work immediately after he had fallen, and that he did this without comment on the incident and without claim or indication of injury. Whatever his immediate reaction to the incident may have been, however, he had had three hours or more in which to regain his composure before he conversed with his wife. And during that time he had done various things which are calculated to have distracted his mind from the fall. For example, he had continued to work until regular quitting time, had, it may be safely assumed, waited upon various customers of the filling station, and had driven from the filling station to his home. We find no basis, therefore, for treating the declarations as a part of the res gestae.

The hearsay was calculated to cause and probably did cause the rendition of an improper verdict and judgment. It is doubtful that without it the jury would have supposed there was any basis in the evidence for finding that Mr. Boyette was injured while in the course of his employment. Appellant's fourteenth point is therefore sustained.

■ Similar and additional hearsay was given in evidence by a chiropractor to whom Mr. Boyette went or was carried for treatment. The witness was permitted, over objection, to recount the history of illness Mr. Boyette had given her, which history included an account of Mr. Boyette's having fallen at the filling station and landed on his rump. Appellant complains of this evidence in its fifteenth point. The point is overruled. Although inadmissible to prove the accident, the evidence was admissible to show the basis of permissible opinions expressed by the witness and as a basis for testing those opinions. Texas Law of Evidence, McCormick and Ray, 2d Ed., Vol. 1, sec. 843, p. 627, and cases there collated.

Appellant's remaining points, 16 through 20, complain of the court's charge to the jury. The complaints have to do with the form and arrangement of the special issues rather than with the substance or propriety of the issues. The questions that are in-

volved are not likely to arise upon another trial of the case, and so we forego passing upon the points.

■ We earlier expressed the opinion that remand of the case for a new trial would be proper even though we were to hold that without the hearsay there is no evidence to support the verdict and judgment. This view is believed to be supported by the following authorities: Openshaw v. Dean, 59 Tex.Civ.App. 498, 125 S.W. 989, 992; Crumley v. Gile, Tex.Civ.App., 271 S.W. 641; 4 Tex.Jur.2d, Appeal and Error—Civil, sec. 921, p. 536.

The judgment of the trial court is reversed and the cause is remanded for a new trial.