**Joy C. BEAUMONT, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, et al., Appellees.**

No. 01–87–00570–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 1988.

Rehearing Denied July 28, 1988.

Maurice Amidei, Houston, for appellant.

Susan F. Eley, Asst. Atty. Gen., Austin, for appellees.

Before JACK SMITH, BISSETT and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a judgment sustaining the decision of the Texas Employment Commission ("TEC") that the appellant, Joy Beaumont, was ineligible to receive unemployment benefits. In five points of error, the appellant contends that the trial court erred: (1) in finding that the TEC's denial was supported by substantial evidence; (2) in admitting a letter from the appellant's employer and an unsigned statement into evidence; and (3) in failing to award the appellant attorney's fees.

The record indicates that the appellant worked for Phillips Petroleum until she was terminated on January 18, 1985. She filed for unemployment benefits on January 22, 1985. On February 13, she took a temporary job with a company through Talent Tree Temporaries ("Talent Tree").

That temporary job terminated on Friday, March 15, 1985, and during that day the appellant notified Talent Tree that her job was ending. The appellant then re-filed for unemployment benefits on Monday, March 18, 1985. The appellant was initially paid benefits on March 25, April 1, April 8, and April 15, 1985, totalling $756.

On May 31, 1985, the TEC determined that pursuant to Tex.Rev.Civ.Stat.Ann. art. 5221b-3(a) (Vernon 1987), the appellant had left her last work (Talent Tree temporary service) voluntarily and without good cause. Prior TEC rulings have held that to comply with the statute, a worker employed by a temporary service must report to the temporary service after completing his or her final assignment and before filing for benefits. Texas Employment Commission Appeal No. 1252–CA–77. The trial court held a hearing and determined that there was substantial evidence to support the determination of the TEC.

In her first two points of error, the appellant contends that the trial court erred in holding that there was substantial evidence to support the TEC decision. Specifically, that there was no competent evidence that the appellant had not contacted the temporary service after the termination of her temporary job and prior to filing for benefits.

We first note that the appellant does not challenge the legality or reasonableness of the TEC interpretation of art. 5221b-3(a). That interpretation makes it mandatory that a temporary employee, when terminated from temporary employment, must report the termination of employment to the temporary placement agency only after termination and prior to applying to TEC for unemployment benefits.

The appellant challenges only the determination that the TEC prior ruling is applicable in her case. The appellant contends that the facts as presented to the commission at the tribunal hearing are not supported by competent evidence that she failed to report to Talent Tree prior to filing for benefits on that Monday morning, March 18, 1985.

■ Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (Vernon Supp.1988) provides for review of TEC determinations. Review is by trial de novo with a threshold test of substantial evidence. *Mercer v. Ross,* 701 S.W.2d 830 (Tex.1986). "A trial de novo review of a TEC ruling requires the court to determine whether there is substantial evidence to support the ruling of the agency, but the reviewing court must look to the evidence presented in trial and not the record created by the agency." *Id.* at 831. Additionally, only facts that were in existence at the time of the administrative hearing may be considered in determining whether the decision was reasonably supported by the evidence. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984).

■ "Substantial evidence need not be much evidence, and although 'substantial' means more than a mere scintilla, or some evidence, it is less than is required to sustain a verdict being attacked as against the great weight and preponderance of the evidence." *Mutual Bldg. & Loan Ass'n v. Lewis,* 572 S.W.2d 771, 778 (Tex.Civ.App.—Austin 1978, no writ). The burden to demonstrate that the TEC ruling is not supported by substantial evidence is on the party seeking to have the determination overruled. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d at 956.

In the instant case, the trial court admitted into evidence the record from the TEC hearing, over the appellant's specific objections to the letter from Talent Tree and an unsigned statement in the record. The record included a transcription of the appellant's testimony from the administrative hearing. During that hearing, the appellant testified that she had phoned Talent Tree on Friday, March 15, 1985, before that temporary job ended, to inform them that her job was ending on that day and that she needed additional work. The appellant then filed for benefits on Monday, March 18, 1985. Additionally, the appellant testified that she phoned Talent Tree on Monday and Tuesday of that same week. The appellant did not state whether she filed for unemployment benefits before or after she contacted Talent Tree on Monday, March 18.

We construe the policy and prior rulings of TEC to be (1) that the terminated employee can give notice of termination to the temporary placement agency only after termination has occurred, and (2) that such notice must be given prior to filing for unemployment benefits with TEC.

■ We find the effect of the TEC construction of art. 5521b–3(a) to be less than desirable. In this instance, because the appellant gave notice of termination prior to the final hour of her last day of employment, she not only was deprived of future unemployment benefits, but she has to pay back the benefits that she has received.

The harshness of the TEC ruling can best be shown by the following example. Assume that the temporary employee's work day ends at 5:00 p.m. Some time prior to 5:00 p.m., the employee is informed that the temporary job will terminate at 5:00 p.m. If the employee waits until 5:01 p.m. to notify the temporary employment agency that the job is terminated, unemployment benefits are available. However, if notice is given at 4:59 p.m., unemployment benefits are not available because of the present policy and rulings of TEC.

The fixed policy of TEC, as applied to the facts of this case, seems basically unfair. This is especially true in view of the appellant's motivation to stay employed by seeking temporary employment. However, as heretofore noted, the appellant complains only of the sufficiency of the evidence, not the validity of TEC policies.

■ The evidence at the hearing was not clear about whether the appellant contacted the temporary agency after completing her job but before or after filing for benefits. However, the commission is the primary fact-finder, not the trial court. *Board of Firemen's Relief & Retirement Fund Trustees v. Marks,* 150 Tex. 433, 242 S.W.2d 181 (1951). Therefore, the commission could conclude from the evidence that the appellant had not reported to the tem-

porary agency prior to filing, making her ineligible for unemployment benefits.

At trial, the appellant's testimony was essentially the same as it was at the commission hearing. This testimony supports the commission's determination that she was ineligible for benefits under its interpretation of the statute. We hold that the trial court did not err in finding that there was substantial evidence to support the commission's determination to deny the appellant benefits.

The appellant's first and second points of error are overruled.

In her third and fourth points of error, the appellant contends that the trial court erred in admitting into evidence and in considering a letter filed by Talent Tree with the employment commission, more than 12 days after notice of claim was sent to Talent Tree by TEC, and in overruling objections to an unsigned statement allegedly made by the appellant. Specifically, the appellant contends that the letter and statement were hearsay and, therefore, improper evidence.

The trial court record indicates that prior to the admission of the TEC record, the appellant objected to the introduction of those two pieces of evidence. Following a lengthy discussion, the court responded by stating that "I think I can separate the [wheat] from the [chaff]. I'm not going to consider it. I think it inadmissible, but I am going to consider everything that is admissible." There was admissible evidence to support the judgment, and considering the judge's statement that he would not consider inadmissible evidence, we find that there was no harm in admitting the entire TEC record. *See Dorough v. Thornton,* 450 S.W.2d 424, 428 (Tex.Civ.App.— Fort Worth 1970, writ ref'd n.r.e.).

The appellant's third and fourth points of error are overruled.

The appellant's fifth point of error is conditioned on this Court's finding that there was not substantial evidence to support the TEC determination. We have found contrary to the appellant's position, and need not address this point of error.

The judgment of the trial court is affirmed.