**MARY LEE FOUNDATION, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, et al, Appellees.**

No. 6–90–040–CV.

Court of Appeals of Texas, Texarkana.

Sept. 10, 1991.
Rehearing Overruled Sept. 10, 1991.

Claude E. Ducloux, Austin, for appellant.

Sylvia F. Hardman, Asst. Atty. Gen., Taxation Div., Austin, for Texas Employment Com'n.

Karron A. DeGraffenried, pro se.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

The Mary Lee Foundation appeals from the district court's decision upholding the Texas Employment Commission's holding which charged it for unemployment benefits paid to Karron DeGraffenried. The primary issues on appeal are whether there was evidence to medically verify the illness, injury, or disability of DeGraffenried and whether the trial court erred in admitting the administrative record of the TEC into evidence over the objection of the Foundation's counsel.

DeGraffenried worked for the Foundation from February 16, 1988 through January 12, 1989, as a home parent. She worked a rotating schedule of three days on and three days off. She resigned on January 16, 1989, and she subsequently filed a claim for unemployment benefits. Generally, when an employee voluntarily quits a job, any benefit paid by the TEC cannot be "charged back" to the employer. An exception to the general rule allows the payments to be charged back if the employee left "due to medically verified illness, injury, disability, or pregnancy." TEX.REV. CIV.STAT.ANN. art. 5221b–3(a) (Vernon Supp. 1991).

The TEC hearing officer found that DeGraffenried had left her employment because of a medically verified illness. This decision was affirmed by the trial court.

■ Appellate review of a TEC decision is provided for under TEX.REV.CIV.STAT.ANN. art. 5221b–4(i) (Vernon Supp.1991), which requires a trial *de novo* with substantial evidence review. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex.1986). The TEC is specifically excluded from the Administra-

tive Procedure and Texas Register Act. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 21(g) (Vernon Supp.1991). A trial *de novo* review of a TEC ruling requires the court to determine whether there is substantial evidence to support the ruling of the agency, but the reviewing court must look to the *evidence presented in trial* and not the record created by the agency. *Mercer v. Ross*, 701 S.W.2d at 831.

■ The action of the TEC carries a presumption of validity, and the party seeking to set aside the agency's decision has the burden of showing that it was not supported by substantial evidence. The reviewing court may not set aside a decision of the TEC merely because it would have reached a different conclusion. It may only do so if it finds the TEC's decision was unreasonable, arbitrary, or capricious because it was made without regard to the law or the facts. *Mercer v. Ross*, 701 S.W.2d at 831.

■ Substantial evidence need not be much evidence, and although "substantial" means more than a mere scintilla, or some evidence, it is less than is required to sustain a verdict being attacked as against the great weight and preponderance of the evidence. *Beaumont v. Texas Employment Commission*, 753 S.W.2d 770 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ The Foundation contends that the trial court incorrectly upheld the TEC's decision, since there was no evidence introduced to "medically verify the illness, injury, or disability" of DeGraffenried except for inadmissible hearsay. The basis of the Foundation's complaint on appeal is that the trial court improperly admitted into evidence the administrative record of the TEC, which contained a physician's letter and a reference to a telephone conversation with the physician, for the truth of evidentiary matters contained therein over the objection of the Foundation's counsel. The Foundation argues that aside from these documents, there was no evidence intro-

duced to medically verify DeGraffenried's illness.

■ The evidence heard by the agency is not per se admissible at the trial in the district court. Whether it is admissible depends upon its own merits under the general rules of evidence. *See Halsell v. Texas Water Commission*, 380 S.W.2d 1 (Tex.Civ. App.—Austin 1964, writ ref'd n.r.e.); *Texas Liquor Control Board v. Taylor*, 338 S.W.2d 321 (Tex.Civ.App.—Waco 1960, no writ); *Kavanagh v. Holcombe*, 312 S.W.2d 399 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.); *Miller v. Tarry*, 191 S.W.2d 501 (Tex.Civ.App.—Austin 1945, writ ref'd n.r.e.); 2 TEX.JUR.3D *Administrative Law* § 84 (1979).[1]

In the recent case of *Beaumont v. Texas Employment Commission*, 753 S.W.2d 770, the court held that the admission of a letter contained in the record of the administrative proceeding before the TEC was error, but that it was harmless error because there was other evidence adduced at the trial that was sufficient to support the ruling of the TEC under the substantial evidence review rule.

In the case of *Instant Photo, Inc. v. Texas Employment Commission*, 650 S.W.2d 196 (Tex.App.—San Antonio 1983, no writ), the trial court conducted its review on a purely substantial evidence basis, i.e., it simply reviewed the transcript of the administrative hearing which had been introduced into evidence. On appeal, the TEC argued that even though that type of review was erroneous for TEC rulings, the record of the administrative hearing had been put into evidence at trial, and it contained substantial evidence supporting the TEC ruling so the judgment should be affirmed anyway. The court of appeals rejected this proposition and held that the record of the administrative hearing was irrelevant in a trial *de novo* substantial evidence review, and therefore it would not consider it to support the judgment.

In the case of *Texas Employment Commission v. City of Houston*, 616 S.W.2d

---

1. The cases cited here involved appeals from agencies other than the TEC, but at the time they were decided, the review from such agency was, as it is now, from the TEC, on the basis of a trial *de novo* with review by substantial evidence.

255 (Tex.Civ.App.—Houston [1st Dist.]), *writ ref'd n.r.e. per curiam*, 618 S.W.2d 329 (Tex.1981), the court held that a portion of the agency records attached to the motion for summary judgment was inadmissible as such because it was not summary judgment proof in affidavit form.

In the cases of *Texas Employment Commission v. Tates*, 769 S.W.2d 290 (Tex. App.—Amarillo 1989, no writ), and *Haas v. Texas Employment Commission*, 683 S.W.2d 462 (Tex.App.—Dallas 1984, no writ), the trial courts and the respective appellate courts properly considered the record that had been introduced from the TEC hearings because no objection was shown at the trial level and no complaint was made on the appellate level about the admissibility of the record. In the present case, however, there were objections at the trial level, and there are complaints on appeal about the introduction of this evidence.

The TEC urges that the record was admissible under Tex.R.Civ.Evid. 803(8), which is the public records and reports exception to the hearsay rule. This rule provides that such records are admissible to the extent that they reflect (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law.

█ The evidence that the TEC wishes considered as medical evidence to verify her disability was a letter from DeGraffenried's physician and a report of telephone conversation between her and her physician. The letter and the telephone conversation do not fit within any of the hearsay exception categories of Tex.R.Civ.Evid. 803(8). This public records exception to the hearsay rule does not mean that *ex parte* statements, hearsay, conclusions, and opinions contained within such records are admissible. *Wright v. Lewis*, 777 S.W.2d 520 (Tex.App.—Corpus Christi 1989, writ denied). The fact findings of the TEC do fit within the exception, but they are not relevant evidence on a trial *de novo*. If the

fact findings of the TEC were admissible proof of their own truth in a trial *de novo*, the substantial evidence review would be meaningless because the TEC could bootstrap itself to substantial evidence in every case merely by finding what it needed to prove.

The Foundation's initial objection was, "We're going to object to anything that requires notice of the *hearsay* document that is not properly verified or anything like that …" (Emphasis added.) The Foundation also objected to the admission of the record from the administrative hearing on the basis that it was not relevant and was hearsay, "especially when it contains *ex parte hearsay* statements." (Emphasis added.) No magic language is required when objecting to evidence, but Tex. R.Civ.Evid. 103(a)(1) requires only that the specific ground for the objection be apparent from the context. The argument before the trial court was clearly about hearsay. The defense responded, "Your Honor, this record is an exemption from the *hearsay* rule." (Emphasis added.) The trial judge indicated that he understood that the objection was to hearsay within the record when he indicated that he was going to hold the matter open so that he could look at some cases "concerning hearsay within one of these public documents or records."

The Foundation had complained because DeGraffenried had not listed her doctor as an expert witness in her response to interrogatories, but through the hearsay in the record the doctor's testimony came in without listing the doctor as an expert and without the doctor being subject to cross-examination.

█ The physician's letter as well as the hearsay statements about what the physician had said in a telephone conversation should have been excluded as hearsay. This error was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case because, without this evidence, the record is devoid of evidence medically verifying the illness, injury, or disability of DeGraffenried. The TEC's decision finding a disability based upon this objected to hearsay was

done without regard to the law or facts and thus is unreasonable, arbitrary, and capricious.

██ If this Court was determining only the issue of whether the administrative order was supported by substantial evidence, our proper judgment would be one setting aside the agency's order rather than one remanding the cause to the reviewing court for more complete development of the evidence. *Korndorffer v. Texas State Board of Medical Examiners,* 460 S.W.2d 879 (Tex.1970). However, the basis for our decision is the finding of prejudicial error in admitting evidence. When an appellate court has decided that hearsay evidence was improperly admitted, the proper course is to remand for a new trial, and this is true even though without the hearsay there was no evidence to support the judgment. *Atlantic Insurance Co. v. Boyette,* 342 S.W.2d 379, 383 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.).

The judgment is hereby reversed, and the cause is remanded for a new trial.

BLEIL, J., dissents and files an opinion.

BLEIL, Justice dissenting.

At the crux of my divergence from the majority's view is my belief that the trial court did not err in any evidentiary ruling. The majority carefully recites rules regarding appellate review of Texas Employment Commission proceedings and regarding evidentiary rules concerning what evidence is or is not admissible. Its error is not in the recitation of the rules in the abstract, but rather is in its application of the rules to the facts of this case.

There should be no legal issue on this appeal about what type of evidence is admissible and what is not. The question is: Did the trial court err? To answer this, we must look at what was offered and what was objected to.

### Evidence Offered

The Texas Employment Commission offered into evidence before the trial court the record made before the Commission. After discussing what exactly was being offered into evidence, the attorney for the Commission said, "Your Honor, at this time I would like to offer the record." At that time, Mary Lee Foundation's attorney objected.

### The Objection

Mary Lee Foundation's "objection" is vague and, rather than risk misconstruing the attorney's words, it is quoted, as follows:

Your Honor, we object. This is trial de novo. All of the evidence must be properly verified in the courtroom today. The only thing that you can base your decision on is whether or not the evidence that you hear in this courtroom today supports the record. That record is irrelevant, and we must object to it, and think we are entitled to have it excluded. They have to bring the evidence to the courtroom today.

After the document was marked and offered as Defendant's Exhibit One, it was again offered into evidence.

At that time, the attorney said, "Objection." The trial court said, "Okay. You want to state your objection, sir." Whereupon the objecting attorney continued:

Your Honor, number 1, we sent—there is an identity of the two defendants here. This is the first case that I have ever handled where the AG's office does not represent Ms. DeGraffenried. Instead they prepared an answer for her to file pro se

. . . .

I asked to gain knowledge of what they intended to produce. I sent interrogatories to Ms. DeGraffenried saying what—typical interrogatories. What witnesses support your case, what experts do you intend to produce, et cetera. They said they had no experts to produce in Ms. DeGraffenried's replys (sic) to interrogatories. They have not up dated those interrogatories and they have not shown good cause. Number two. The second portion of the objection is that this is a trial de novo, which means they must produce the evidence in Court for you today to support the finding of the Texas

Employment Commission. This is our one chance to cross examine any doctors they intend to produce rather than having, as the TEC did, an exparte communication of a doctor we have never spoken to, who we have never had a chance to say, did she tell you that her husband wanted her to resign. To give him the input that he would need to make a finding of whether or not her quitting was stress related, related to her family or related to her job. We have never had the opportunity to even speak to this doctor, and when we asked them what experts do you use, she has written none. So I think the trial de novo, you are not entitled—I mean the Court is not entitled to rely on evidence, especially when its (sic) contains exparte hearsay statements, being a letter from a doctor who we have never had the opportunity to cross examine. I think this proceeding, and I have handled several of these cases, and never before have they tried to introduce the record before the employment commission. This is the first time they have even tried to do that. We are entitled to try our case here and see if you hear enough evidence to support the decision that they did back then.

### The Ruling

After some comments by the Commission's attorney, the court announced its ruling:

Okay. This is what I'm going to do. The objection at this time to defendant's exhibit number 1 is overruled. If you want to—you have got several books pulled out there. After the hearing I probably won't give you a decision here today because I don't hear a whole bunch of these, and I want to satisfy myself on the burden that must be met in one of these. If you want to refer me, after the hearing, to any one of these cases concerning hearsay within one of these public documents or records that are to be held, I will be glad to consider it and consider these records for whatever they may be worth. So the objection is overruled.

### Issue: Did the Trial Court Err?

The majority says that indeed "no magic language is required when objecting to evidence." Agreed. But, a specific objection is required and was not made. Even before considering this appeal, it is necessary for this Court to ascertain the nature of the objection before we can determine whether any ruling on it was error. TEX.R.CIV.EVID. 103(a)(1) provides that:

In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

At the outset, the trial court could have overruled the objection because it was general. Additionally, after asking that the Foundation's attorney state the nature of the objection, the attorney said that the record was "not relevant." It plainly was relevant, and the trial court properly overruled that objection.

Lastly, an examination must be made of what the majority determined was a valid enough objection so that the trial court's ruling on it was error. The question is whether some portion of the record was hearsay. Of course it was. Reading what the Foundation's attorney said, it appears that the "hearsay objection" was only to the letter from DeGraffenried's doctor verifying the medical reasons she left her job.

Even if it were error to consider the doctor's letter, and the trial court had erred in overruling an objection to that letter, the remainder of the evidence, properly admitted, supports the trial court's judgment that the Commission's decision is supported by substantial evidence. DeGraffenried's testimony, the telephone statement of the physician which was signed by the Commission's representative, as well as the findings of fact and conclusions contained in

the record itself, provide sufficient evidence to support the Commission's decision.

I see no trial court error in ruling on any objection to the admission of evidence, or in finding substantial evidence to support the Commission's decision. The majority, in effect, holds that the trial court erred in overruling objections that were never made. Because I would affirm the trial court's judgment, I dissent.