# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00441-CV

---

**Christopher Gardini, Appellant**

**v.**

**Texas Workforce Commission and Dell Products, L.P., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN203942, HONORABLE ROSE SPECTOR, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Christopher Gardini appeals from a take-nothing summary judgment rendered against him on his claim for unemployment compensation resulting from the termination of his employment with Dell Products, L.P. This appeal is controlled by the Texas Supreme Court's holding that attaching the administrative record from Texas Workforce Commission hearings as a whole to a motion for summary judgment does not provide competent summary-judgment evidence supporting the Commission's decision in a trial de novo-substantial evidence review. *See Nuernberg v. Texas Employment Comm'n*, 858 S.W.2d 364, 365 (Tex. 1993) (per curiam). Because appellees attached the record from the Commission's hearings as a whole to their motion for summary judgment, and because the record does not otherwise contain evidence showing as a matter of law that substantial

evidence supported the Commission's decision, we will reverse the summary judgment and remand the cause for further proceedings.

## BACKGROUND

Gardini worked as a supply quality engineer senior consultant for Dell. The company terminated his employment on February 13, 2002. He applied for and received unemployment benefits. Dell challenged the award of benefits, asserting that Gardini was terminated for misconduct. "'Misconduct' means mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees." Tex. Lab. Code Ann. § 201.012 (West 1996).

The Commission's appeal tribunal held a telephone hearing in which Gardini did not participate because, as was shown later, he did not receive notice. His supervisor, Paul Crockett, testified that Gardini was fired for insubordination. Crockett testified that, while in Thailand with a supplier for Dell, Gardini took a woman from a strip club to his hotel room; Crockett termed this conduct "unethical." During a dispute—apparently over payment—the woman damaged Gardini's hotel room, then demanded payment from the supplier. The supplier paid the woman and then reported the incident to Dell. Crockett testified that, after Gardini confirmed these events occurred, Crockett told him "not to contact or go to in any way, shape or form" the supplier. Crockett testified that Dell was concerned that the supplier could use the incident against Gardini and Dell in future business negotiations. Crockett testified that, despite this warning, Gardini contacted the supplier. Upon learning of this contact, Dell fired Gardini. Crockett testified, "We told him that he was being

2

fired because of the position he places Dell with the supplier relationship and for insubordination. . . . [W]e did mention the conduct relative to the Thailand incident. . . . He was told specifically why he was let go." The tribunal ruled that Gardini was not eligible to collect unemployment benefits because he was fired for misconduct. After receiving the decision, Gardini complained that he had not received notice of the telephonic hearing.

The tribunal held a second telephonic hearing, both to determine whether Gardini showed good cause for failing to participate in the first hearing and to hear evidence on the merits. Gardini participated but Crockett did not, despite assertions by Dell representatives that he would do so. The tribunal played the tape of Crockett's earlier testimony, but Gardini was not able to cross-examine Crockett. Gardini denied hiring a woman in the strip club and denied that any incident occurred that damaged his hotel room. Gardini acknowledged that he was fired for contacting the supplier, but denied that Crockett told him not to contact the supplier. Gardini said he believed that, despite his pending reassignment, he would be allowed—and perhaps required—to contact the supplier both to finish up his existing work and to perform his new job. Accordingly, he believed he acted permissibly when he contacted the supplier about an emergency production/shipping issue. He described the confusion as "an artifact of a miscommunication." Gardini also claimed he was never told precisely why he was fired, other than it was in Dell's best interest. Dell representatives conceded at the hearing that, although executives are forbidden from visiting sexually-oriented businesses, persons in Gardini's job description are not expressly forbidden to do so. The tribunal held that Gardini did not show that his failure to participate in the first hearing was for good cause, declined to reopen the evidence, and left undisturbed its ruling for Dell after the first hearing.

3

On review within the agency, the Commission concluded that the tribunal erroneously decided that Gardini lacked good cause for not participating in the first hearing. The Commission found that Gardini established that he did not receive notice of the first hearing, and thus had good cause for failing to participate. After reviewing the record from both hearings, the Commission affirmed the denial of benefits by adopting the tribunal's conclusions.

At the district court, the parties filed cross-motions for summary judgment. Appellees contended that there was no fact dispute as to what evidence was before the Commission and that, as a matter of law, the Commission's decision was supported by substantial evidence. Appellees attached a copy of the Commission's records maintained in connection with Gardini's claim for unemployment benefits; this included transcriptions of the two hearings, findings and conclusions by the appeal tribunal and the Commission, and documents filed with the Commission by the parties.

After the summary-judgment hearing, Gardini filed objections to the evidence appellees attached to their motion. He objected to the attachment of the Commission's record, based on case-law authority forbidding the blanket admission of the entire Commission record. *See Nuernberg*, 858 S.W.2d at 365; *see also Levelland Indep. Sch. Dist. v. Contreras*, 865 S.W.2d 474, 476 (Tex. App.—Amarillo 1993, writ denied). Gardini also objected that portions of the record cited in the Commission's motion for summary judgment contained inadmissible hearsay and double hearsay. There is no response from appellees to these objections in the clerk's record. The district court granted appellees' motion, affirming the Commission's order without stating a basis and without expressly ruling on the objections to the evidence.

4

**DISCUSSION**

Gardini raises eight issues concerning the procedure and decisions made both at the Commission and in the district court. We focus on his assertion that the district court erred by granting summary judgment against his claims because the record does not support the judgment.

Courts review the Commission's denial of benefits in a trial de novo based on the substantial evidence rule. Tex. Lab. Code Ann. § 212.202 (West Supp. 2004-05). Under this hybrid standard of review, the trial court must determine whether there is substantial evidence to support the ruling of the agency by examining the evidence presented in trial, not the record created by the agency. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Whether the Commission's decision was supported by substantial evidence is a question of law. *Arrellano v. Texas Employment Comm'n*, 810 S.W.2d 767, 770 (Tex. App.—San Antonio 1991, writ denied).[1] The Commission's decision carries a presumption of validity, and the party seeking to set aside the agency's decision has the burden of showing that it was not supported by substantial evidence. *See City of San Antonio v. Texas Water Comm'n*, 407 S.W.2d 752, 758 (Tex. 1966). The trial court may hear any evidence in existence at the time of the hearing before the appeal tribunal regardless of whether it was introduced at the administrative hearing. *City of Houston v. Tippy*, 991 S.W.2d 330, 333 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (*citing Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984)).

---

[1] The Texas Employment Commission ("TEC") became the Texas Workforce Commission in 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 655, § 11.75, 1995 Tex. Gen. Laws 3543, 3621-22. Accordingly, cases involving TEC are informative in cases involving the Commission.

5

Courts may grant summary judgments in cases tried under the substantial evidence rule. *Cruz v. City of San Antonio*, 424 S.W.2d 45, 47 (Tex. Civ. App.—San Antonio 1968, no writ). Movants must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law; we accept as true evidence favorable to the non-movant and indulge in every reasonable inference and resolve any doubts in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Summary-judgment procedure does not provide for trial by deposition or affidavit. *See Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex. 1962). The trial court determines if any fact issues exist; it does not evaluate the evidence and decide the case on affidavits. *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952); *Ross v. Texas One P'ship*, 796 S.W.2d 206, 209 (Tex. App.—Dallas 1990), *writ denied per curiam*, 806 S.W.2d 222 (Tex. 1991). Summary judgments eliminate patently unmeritorious claims or untenable defenses; the process is not meant to deprive litigants of a full hearing on the merits of any real issue of fact. Tex. R. Civ. P. 166a(c); *see Gulbenkian*, 252 S.W.2d at 931.

We review the trial court's judgment by comparing the Commission's decision with the evidence presented to the trial court and the governing law. *Potts v. Texas Employment Comm'n*, 884 S.W.2d 879, 882 (Tex. App.—Dallas 1994, no writ). We determine whether the summary-judgment evidence established as a matter of law that substantial evidence existed to support the Commission's decision. *Id*. at 883. When the trial court does not specify the basis for a summary judgment, the appealing party must show it is error to base it on any ground asserted in the summary-judgment motion. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

Gardini contends, as he did in his opposition to the motion for summary judgment, that the evidence supporting the summary judgment is inadmissible. He argues that the administrative record contained hearsay. Evidence presented in a challenge to a denial of unemployment benefits must be admissible. The supreme court has held that, in a trial de novo, the administrative record is not admissible; portions may be admissible, but the record as a unit is not admissible. *Nuernberg*, 858 S.W.2d at 365. The procedural history of *Nuernberg* is strikingly similar to the facts here. The Commission initially awarded unemployment benefits to Nuernberg, and the appeal tribunal affirmed the award after the employer failed to participate. The tribunal later found good cause for the employer's failure to participate, heard evidence, and reversed the award of benefits. *See Nuernberg v. Texas Employment Comm'n*, 846 S.W.2d 41, 41-42 (Tex. App.—Waco 1992) ("*Nuernberg Appeal*"), *rev'd*, 858 S.W.2d at 365. The Commission affirmed the decision, the trial court granted summary judgment to the employer and the Commission, and the court of appeals affirmed. *Nuernberg Appeal*, 846 S.W.2d at 44. The supreme court reversed in a per curiam opinion, concluding that the summary judgment was not based on competent evidence:

> The hybrid, de novo-substantial evidence standard of review for appeals from the TEC, outlined in [*Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986)], prohibits the trial court from reviewing the agency record itself. Individual items within the agency record may be introduced at trial, but they must be introduced independently and pursuant to the Texas Rules of Civil Evidence. Because the TEC presented the agency record in its entirety to the trial court, there was no competent evidence on which to base a summary judgment.

*Nuernberg*, 858 S.W.2d at 365. A court of appeals in a subsequent case similarly held that

7

[t]he public records exception to the hearsay rule does not necessarily permit the introduction of the entire TEC record into evidence before the reviewing court. For example, hearsay statements within the TEC record will not be saved from exclusion by the public records exception. [*Mary Lee Found. v. Texas Employment Comm'n*, 817 S.W.2d 725, 728 (Tex. App.—Texarkana 1991, no writ)]. While the fact findings made by the TEC and contained in the TEC record do fit within the public records exception, such findings are not relevant on a trial de novo and are therefore inadmissible. *Id*. "If the fact findings of the TEC were admissible proof of their own truth in a trial de novo, the substantial evidence review would be meaningless because the TEC could bootstrap itself to substantial evidence in every case merely by finding what it needed to prove." *Id*.

*Levelland*, 865 S.W.2d at 476.

The Commission's record is not admissible as a whole simply because it is the Commission's record attached to a summary-judgment affidavit. The supreme court's holding in *Nuernberg*, 858 S.W.2d at 365, has not been changed, altered, or disregarded.[2] Thus, it is still the law that, while the Commission may introduce parts of the record, it must introduce those parts independently and pursuant to the applicable Texas Rules of Evidence. *Id*. More important, it is still the law that, when the Commission attaches its entire record to its motion for summary judgment in the trial court, there is "no competent evidence" on which to base a summary judgment. *Id*.

Appellees contend that the transcripts of the sworn testimony at the tape-recorded hearings are admissible as "records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth . . . the activities of the office or agency. . . ." *See* Tex. R. Evid.

---

[2] Since writing the *Nuernberg* opinion, the supreme court has adopted Texas Rule of Appellate Procedure 36 concerning filing of the agency record in administrative appeals. That rule, however, applies only to cases determined under the Administrative Procedure Act ("APA"). Tex. R. App. P. 36.1. Determinations of entitlement to unemployment benefits are expressly not subject to the APA. Tex. Gov't Code Ann. § 2001.224 (West 2000).

8

803(8)(A). They point out that the evidence excluded as hearsay in *Mary Lee* was a letter by a doctor and a telephone conversation with a doctor, and that the court did not exclude all of the sworn testimony given at the Commission hearing. *See* 817 S.W.2d at 727-28. They argue that Crockett's testimony was not hearsay because it was sworn testimony before the appeal tribunal; they note that Gardini failed to attend the first hearing and failed to subpoena Crockett at the second hearing.

The Commission's attachment of the record with an affidavit from the Commission's custodian of records does not satisfy the requirement that the Commission introduce the admissible parts of the record independently. The record submitted contains items that are irrelevant to a trial de novo-substantial evidence review, such as the Commission's findings. *See Levelland*, 865 S.W.2d at 476. It could, as Gardini contends, contain hearsay, which is inadmissible despite being contained in a public record. *See id*.

Even if, as appellees argue, Gardini's testimony is admissible as the admission of a party-opponent, it does not support the judgment. *See* Tex. R. Evid. 801(e)(2)(A). Gardini's testimony does not provide any evidence to support the conclusion that he contacted the supplier despite being forbidden to do so; Gardini admits at most that he was to change job responsibilities and that he realized or learned afterwards that Crockett did not want him to contact the supplier. Even a complete rejection of Gardini's testimony does not, in the absence of other evidence, supply substantial evidence to support the judgment.

The procedural history of this case does not encourage us to limit *Nuernberg* in a way that would permit the affirmance of the ruling. The appeal tribunal is the only level at which actual testimony was taken. The tribunal ruled in Dell's favor after a hearing at which Gardini, without his

fault, was not allowed to participate. The tribunal refused to consider his testimony at a second hearing. The Commission rejected the tribunal's determination that Gardini lacked good cause for not participating in the first hearing, but then adopted the tribunal's conclusions that were based solely on the testimony from the first hearing. Despite having the authority to hear testimony under the trial de novo-substantial evidence review, the trial court granted summary judgment based solely on the Commission's record. This is not a record that persuades us to depart from the conclusion in *Nuernberg* that the Commission's record, offered wholesale, is "no competent evidence" to support the Commission's decision in a trial de novo-substantial evidence review. 858 S.W.2d at 365.

## CONCLUSION

Because we find that the district court granted summary judgment to appellees based on a record that the supreme court described in *Nuernberg* as "no competent evidence," we reverse the judgment and remand to the district court for further proceedings.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reversed and Remanded

Filed:  November 12, 2004

10